UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUBSTATION ENTERPRISES, INC.,

    Plaintiff,

v.                                                     Case No: 6:21-cv-1634-DCI

SAYERS CONSTRUCTION, LLC,

    Defendant.

## ORDER

Before the Court are two motions: Plaintiff's Motion for Final Summary Judgment with Incorporated Memorandum of Law (Doc. 42; the Summary Judgment Motion) and Plaintiff's Motion for Final Default Judgment by the Court and Memorandum of Law in Support Thereof (Doc. 45; the Default Judgment Motion). Both Motions are due to be denied as moot in part and denied without prejudice in part.

    **I.**     **Background**

On July 5, 2022, the Court granted a motion for former defendant Nationwide (Nationwide) and Defendant's counsel to withdraw from this case. Doc. 39. In that Order, the Court stated that, "If Defendant fails to obtain new counsel within seven days, Plaintiff must move for clerk's default; Defendants cannot proceed without counsel in this Court, and the failure to obtain new counsel may result in the entry of a default judgment against Defendants upon the filing of a proper motion by Plaintiff." *Id.* Also on July 5, 2022, Plaintiff filed the Summary Judgment Motion against Defendant and Nationwide. Doc. 42.

On July 13, 2022, after Defendant and Nationwide did not obtain new counsel within seven days, Plaintiff sought clerk's default against Defendant and Nationwide. Doc. 43. That motion

was granted, Doc. 44, and clerk's default was entered against Defendant and Nationwide, Doc. 46. Also on July 13, 2022, Plaintiff filed the Default Judgment Motion against Defendant and Nationwide. Doc. 45.

On July 25, 2022, Plaintiff and Nationwide filed a joint stipulation to dismiss Plaintiff's claims against Nationwide. Doc. 48. This stipulation failed to comply with Federal Rule of Civil Procedure 41(a)(1)(A)(ii), but the Court construed the stipulation as Plaintiff's request to dismiss claims against Nationwide pursuant to Rule 41(a)(2), which the Court granted. Doc. 49. Thus, Plaintiff's claims against Nationwide were dismissed with prejudice. *Id.* Nationwide was terminated as a party to this case. *Id.*

## II. Discussion

As Plaintiff's claims against Nationwide were dismissed with prejudice, the Motions are both moot to the extent Plaintiff seeks judgment against Nationwide. Further, Defendant is the only remaining defendant in this case and clerk's default has been entered against Defendant. Doc. 46. "The appropriate procedure against a defendant in default is a motion for default judgment, not a motion for summary judgment." *Great American Ins. Co. v. Delphini Constr. Co.*, No. 6:14-cv-1412-CEM-DAB, 2015 WL 13791707, at *2 (M.D. Fla. Sep. 28, 2015) (citing *U.S. v. Estate of Segel*, No. 8:08-cv-2196-T-23EAJ, 2010 WL 1730749, at *1 (M.D. Fla. Apr. 27, 2010) and *Philips Factors Corp. v. Harbor Lane of Pensacola, Inc.*, 648 F. Supp. 1580, 1582–83 (M.D.N.C. 1986)). Therefore, the appropriate course against Defendant, who is in default, is a motion for default judgment. *See id.* Accordingly, the Summary Judgment Motion (Doc. 42) is due to be denied as moot in part and denied without prejudice in part.

Turning to the Default Judgment Motion, the Court finds that this Motion is also due to be denied as moot in part and denied without prejudice in part. "Entry of default judgment is only

warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The standard for entry of default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim . . . [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.* (citations omitted). "When evaluating a motion to dismiss, a court looks to see whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (citations and internal quotation marks omitted).

When evaluating a motion for default judgment, courts look to the complaint. *See id.* Therein lies the issue with the Default Judgment Motion—Plaintiff does not connect the allegations in the complaint to the relevant standards for relief. Plaintiff instead extensively cites evidence attached to the Summary Judgment Motion, which does not appear to be relevant when determining whether Plaintiff is entitled to a default judgment. *See id.* Essentially, the Default Judgment Motion is briefed as a summary judgment motion, not a default judgment motion. This is unsurprising, because it appears that in briefing the Default Judgment Motion, Plaintiff simply copied and pasted the Summary Judgment Motion and added a different legal standard section and introduction. *Compare* Doc. 42 *with* Doc. 45. Plaintiff has not shown that the complaint supports entry of default judgment, so the Default Judgment Motion is due to be denied as moot in part and denied without prejudice in part.

On or before January 27, 2023, Plaintiff shall file a renewed motion for default judgment. In the renewed motion for default judgment, Plaintiff shall clearly identify the relevant standards for each claim of relief and shall also identify the specific portions of the complaint which satisfy

the relevant standards. Additionally, the deadlines in the Case Management and Scheduling Order, including the trial date, will be continued pending further order of the Court.

### III. Conclusion

Accordingly, for the foregoing reasons, it is hereby **ORDERED** as follows:

1) The Summary Judgment Motion (Doc. 42) is **DENIED as moot** to the extent Plaintiff seeks judgment against Nationwide, and is **DENIED without prejudice** in all other respects;

2) The Default Judgment Motion (Doc. 45) is **DENIED as moot** to the extent Plaintiff seeks judgment against Nationwide, and is **DENIED without prejudice** in all other respects;

3) **On or before January 27, 2023,** Plaintiff shall file a renewed motion for default judgment; and

4) All deadlines in the Case Management and Scheduling Order, including the trial date, are hereby **CONTINUED** pending further order of the Court.

**ORDERED** in Orlando, Florida on January 3, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE